UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY BURGESS,

     Plaintiff,

v.                                  Case No. 8:07-cv-1613-T-26TBM

STEVEN HOGUE, et al.,

     Defendants.

_____/

## O R D E R

Burgess completed and returned the service of process documents pursuant to the earlier order (Dkt. # 3).  The U.S. Marshal shall proceed with service of process.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that:

The United States Marshal shall mail one copy of the civil rights complaint, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, and one copy of this order to each of the defendants. **The Marshal shall fill in the date of mailing in the blanks at the end of the Notice of Lawsuit and Request for Waiver of Service of Summons that reads: "I affirm that this request is being sent to you on behalf of the Burgess, this _____ day of _____."** The Marshal shall send to each of the defendants a stamped, self-addressed envelope for returning the Waiver of Service of Summons to the court.  All costs of mailing shall be advanced by the United States.  The Marshal shall send a copy of

the Notice of Lawsuit and Request for Waiver of Service of Summons form to the clerk's office so that the clerk's office will have a record of the date the notice was sent.

The defendants have **THIRTY (30) DAYS** from the date that the Waiver of Service of Summons was sent to return the Waiver of Service of Summons. If the defendants choose to return the Waiver of Service of Summons, they should use the addressed, stamped envelope provided.

If the defendants return the Waiver of Service of Summons, they have **SIXTY (60) DAYS** from the date that the Waiver of Service of Summons was sent in which to answer or otherwise respond to the complaint.

If a defendant does not return the Waiver of Service of Summons, the Marshal is directed to personally serve such defendant and charge that defendant for the costs of service. A defendant who is personally served has **TWENTY (20) DAYS** from the date of service of process in which to answer or otherwise respond to the complaint.

Before counsel appears for a defendant, Burgess shall send to that defendant a copy of every further pleading, motion, or other paper submitted in this case. After counsel appears for a defendant, Burgess shall send the copy directly to counsel for that defendant rather than to the defendant personally. Burgess shall include with each pleading, motion, or other paper submitted for filing a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to each defendant or their counsel. The court will strike any pleading, motion, or other paper submitted for

filing if it fails to include a certificate of service upon a defendant or counsel for a

defendant.

Burgess shall immediately advise the court of any change of address by filing a

document entitled "Notice of Change of Address."  This notice shall contain the address

change only and the effective date of the change.  Burgess must file a <u>separate</u> notice in

each pending case.  Failure to inform the court of an address change may result in the

<u>dismissal</u> of this case without further notice.  Burgess is reminded that he also must keep

the defendants informed of his current address by sending to the defendants a copy of the

"Notice of Change of Address."

Burgess should not correspond with the court in letter form.  Burgess should file a

pleading or motion with a title, which must be a brief summary of the contents of the

pleading or motion.  For example, if Burgess is requesting access to the prison law

library, the title of the motion should be "Motion for Access to the Law Library."  <u>As a</u>

<u>matter of course, the court will not respond to Burgess's letters.</u>

Burgess shall not attempt to correspond directly with a judge or magistrate judge.

Judges will not, as a matter of policy, respond to personal correspondence pertaining to a

pending case.  This policy is in keeping with their sworn duty to maintain complete

impartiality in the exercise of their judicial duties.  Accordingly, judges' decisions and

opinions are, quite properly, only delivered in response to legal instruments filed with the

clerk's office in accordance with governing rules of procedure.  The court will strike and

return any correspondence addressed directly to a judge or magistrate judge.

If any defendant files a motion to dismiss the complaint, Burgess has **TWENTY (20) DAYS** to file his response to the motion to dismiss.  Burgess is advised out of an abundance of caution[1] that the granting of a motion to dismiss results in the dismissal of the defendant filing the motion to dismiss.  In the event that all of the defendants' motions to dismiss are granted, then the granting of the motions would result in the dismissal of the entire case.

If any defendant files a motion for summary judgment, Burgess has **TWENTY (20) DAYS** to file his response to the motion for summary judgment.  Before preparing a response, Burgess should review the provisions of Rule 56, Fed. R. Civ. P.

When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter the motion.  Pursuant to Rule 56, Fed. R. Civ. P., the party opposing the motion must respond with sworn affidavits or documents specifically alleging facts that show there is a genuine issue of material fact in dispute.  If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the court may declare that the facts in the affidavits or documents supporting the motion are established as true and that

[1] See Griffith v. Wainwright, 772 F.2d 822 (11th Cir. 1985), and Milburn v. United States, 734 F.2d 762 (11th Cir. 1984), expressing concern about pro se litigants in summary judgment cases.

there is no genuine issue of material fact in dispute.  In that event, if the applicable law

allows, the party or parties who filed the motion are entitled to have the motion granted

and final judgment entered in their favor based upon the pleadings, depositions, answers

to interrogatories, and answers to admissions filed with the affidavits.

      If Burgess does not file a response to the motion to dismiss or motion for summary

judgment within **TWENTY (20) DAYS**, the court may decide the motion without further

notice.

      **DONE AND ORDERED** in Tampa, Florida, on October 5, 2007.


    _s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**